UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN LORENZANA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. CROW,<br><br>　　　　　Defendant. | No. 2:15-cv-0821 KJN P<br><br><br>ORDER |

Plaintiff is a county jail inmate, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

        1.  Class Action

Plaintiff filed this matter as a class action, allegedly on behalf of himself and four other inmates housed in the Solano County Jail.  Plaintiff, however, is a non-lawyer proceeding without counsel.  It is well established that a layperson cannot ordinarily represent the interests of a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F. Supp. 779 (D. D.C. 1976).  This action, therefore, will not be construed as a class action and instead is construed as an individual civil suit brought by plaintiff.[1]

        1.  Allegations of Racism

Plaintiff alleges, in conclusory fashion, that defendant Crow is "racist" towards Mexican, Hispanic, and Latin American inmates.  (ECF No. 1 at 4.)  Plaintiff claims that defendant is harassing, threatening, and "being racist" to all the inmates listed as plaintiffs herein.  (ECF No. 1 at 5.)

Plaintiff is advised that generalized allegations of racism, without more, are insufficient to state a cognizable civil rights claim.  Plaintiff must identify a specific constitutional violation and allege specific facts demonstrating that defendant Crow violated plaintiff's constitutional rights.  Allegations of harassment, threats, embarrassment, and defamation are not cognizable under section 1983.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1982) (allegations of harassment

---

[1] Each inmate must file his own complaint, alleging specific facts demonstrating a constitutional violation, and pay the filing fee or file an application to proceed in forma pauperis.

with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). Nor are allegations of mere threats cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). Plaintiff's allegations of racism, standing alone, fail to state a cognizable civil rights claim.

      2. Retaliation Claims

It is unclear whether plaintiff is alleging that defendant Crow took adverse action against plaintiff for filing grievances against Crow.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

However, plaintiff must allege specific facts demonstrating each element of Rhodes. Plaintiff is granted leave to file an amended complaint if he is able to allege facts demonstrating that defendant Crow retaliated against plaintiff based on plaintiff's conduct protected under the First Amendment.[2]

---

[2] Plaintiff claims defendant Crow makes false statements in incident reports. (ECF No. 1 at 5.) However, the falsification of disciplinary reports does not state a standalone constitutional claim. See, e.g., Lee v. Whitten, 2012 WL 4468420, *4 (E.D. Cal. 2012). Indeed, there is no constitutional right to a prison administrative appeal or grievance system, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and a prisoner has no constitutionally guaranteed right not to be falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.

1          3. Medical or Mental Health Care

2          As an initial matter, it is unclear whether plaintiff is a convicted prisoner or a pretrial detainee. However, while pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Bell v. Wolfish, 441 U.S. 520, 535-36 (1979); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010).

          Here, plaintiff alleges, in conclusory fashion, that defendant Crow denies him "emergency medical and mental health assistance." (ECF No. 1 at 5.)

          While the Eighth Amendment of the United States Constitution entitles plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted);

---

Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."). However, if defendant Crow made the false statements in retaliation for plaintiff's conduct protected under the First Amendment, plaintiff may be able to state a cognizable retaliation claim against defendant.

5

1  Wilhelm, 680 F.3d at 1122.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not
2  support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.
3  1980) (citing Estelle, 429 U.S. at 105-06.)

4      It is unclear whether plaintiff can allege sufficient facts to demonstrate a cognizable
5  Eighth Amendment claim.  However, in an abundance of caution, plaintiff is granted leave to
6  amend such claim.

7      4.  Preliminary Injunctive Relief

8      In the relief section of his complaint, plaintiff asks for a "preliminary injunction against
9  the Sheriff's Department to make them stop violating inmates constitutional rights against
10  discrimination, racism, cruel and unusual punishment, and due process violations." (ECF No. 1 at
11  3.)

12      The party requesting preliminary injunctive relief must show that "he is likely to succeed
13  on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that
14  the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v.
15  Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d
16  1109, 1127 (9th Cir. 2009) (quoting Winter).  The propriety of a request for injunctive relief
17  hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean
18  Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

19      Alternatively, under the so-called sliding scale approach, as long as the plaintiff
20  demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the
21  public interest, a preliminary injunction may issue so long as serious questions going to the merits
22  of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for
23  Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious
24  questions" version of the sliding scale test for preliminary injunctions remains viable after
25  Winter).

26      The principal purpose of preliminary injunctive relief is to preserve the court's power to
27  render a meaningful decision after a trial on the merits.  See 11A Charles Alan Wright & Arthur
28  R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010).  As noted above, in addition to

1  demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary
2  injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports
3  Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (internal citation
4  omitted). Implicit in this required showing is that the relief awarded is only temporary and there
5  will be a full hearing on the merits of the claims raised in the injunction when the action is
6  brought to trial. In cases brought by prisoners involving conditions of confinement, any
7  preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
8  harm the court finds requires preliminary relief, and be the least intrusive means necessary to
9  correct the harm." 18 U.S.C. § 3626(a)(2).

10  In addition, as a general rule this court is unable to issue an order against individuals who
11  are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395
12  U.S. 100 (1969).

13  Here, plaintiff fails to demonstrate that absent preliminary relief he is likely to suffer
14  irreparable harm. Moreover, plaintiff does not seek specific, individualized relief, but rather
15  states his request in a broad and conclusory manner. Finally, the "Sheriff's Department" is not a
16  named defendant[3] herein. For all of these reasons, plaintiff is not entitled to injunctive relief
17  based on the sole allegation contained in his complaint.

18     5. Dismissal With Leave To Amend
19  The court has determined that the complaint does not contain a short and plain statement
20  as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading
21  policy, a complaint must give fair notice and state the elements of the claim plainly and
22  succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must
23  allege with at least some degree of particularity overt acts which defendants engaged in that
24  support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of
25  ////

26

---

27  [3] In addition, the Sheriff's Department, which is a local law enforcement department of Solano
    County, is not a "person" subject to suit under § 1983. Daniels v. Medical Servs. Div., 2015 WL
28  687113, at *3-4 (S.D. Cal. Feb. 18, 2015).

Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim ... may join, [ ] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'" Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an

8

original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. Plaintiff's request for preliminary injunctive relief (ECF No. 1 at 3) is denied without prejudice.

Dated: May 4, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/lore0821.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN LORENZANA,<br><br>        Plaintiff,<br><br>   v.<br><br>T. CROW,<br><br>        Defendant. | No. 2:15-cv-0821 KJN P<br><br><br>NOTICE |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

        _____      Amended Complaint

DATED:

                                                       _____<br>                                                       Plaintiff